# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **TAWANDA CALVIN, individually and as survivor and next of kin to Kerry Granderson,** | ) ) ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action Number 3:23-cv-447** |
| | ) | **Judge Richardson/ Frensley** |
| **CORECIVIC, INC., CORECIVIC OF** | ) | **Jury Demand** |
| **TENNESSEE, LLC, as owner and** | ) | |
| **Operator of TROUSDALE TURNER** | ) | |
| **CORRECTIONAL CENTER, DAMON** | ) | |
| **HININGER, PATRICK SWINDLE,** | ) | |
| **WILLIAM DALIUS, JASON MEDLIN,** | ) | |
| **MARTIN FRINK, DONELLE HARRIS,** | ) | |
| **KYLE BUSS, DENISE HAGGARD,** | ) | |
| **and JOHN DOE,** | ) | |
| **Defendants.** | ) | |

## INITIAL CASE MANAGEMENT ORDER

    **A.**     **JURISDICTION**: This Court has jurisdiction pursuant to 28 U.S.C. § 1331 over

Plaintiff's federal law claims and pursuant to 28 U.S.C. § 1367 over Plaintiff's state law claims.

    **B.**     **BRIEF THEORIES OF THE PARTIES**:

    For Plaintiff: Defendants CoreCivic, Hininger, Swindle, Dalius, Medlin, Frink, and Harris

acted with deliberate indifference in contravention of the Eighth Amendment when they failed to

protect Mr. Granderson from the danger posed by the incessant distribution of illegal drugs by

CoreCivic staff into their penal facility. Defendants CoreCivic, Frink, Medlin, Dalius, Hininger,

Swindle, Harris, and Doe acted with deliberate indifference in contravention of the Eighth

Amendment when they failed to provide adequate medical treatment to Mr. Granderson while he

suffered from a fentanyl overdose. Defendant CoreCivic has adopted an unconstitutional policy,

practice, and custom of severely understaffing its facilities, including Trousdale Turner

316459743.1

Correctional Center, and of permitting a drug smuggling operation within the penal facility where Mr. Granderson was incarcerated, without regard to inmate safety, which policy, practice, and custom was maintained by Defendants Frink, Harris, Medlin, Hininger, Dalius, and Swindle. Defendants CoreCivic, Frink, Harris, Haggard and Buss regularly and knowingly participated and continue to participate in the illegal drug market at the penal facility where Mr. Granderson died, making these Defendants liable for the decedent's injuries and death caused by their involvement in the illegal drug trade, pursuant to Tennessee Code Annotated § 29-38-106. Defendants CoreCivic, Frink, Hininger, Medlin, Dalius, Swindle, and Harris acted negligently, they owed a legal duty of care to Mr. Granderson to protect him from reasonably foreseeable harm, and their breaches of their duty of care to Mr. Granderson proximately caused Mr. Granderson's death. The Plaintiff is additionally entitled to recover regarding her derivative claim for her loss of filial consortium for the death of her child.

For Defendant: Kerry Granderson ("Granderson") was a prisoner of the State of Tennessee and was incarcerated at the Trousdale Turner Correctional Center ("Trousdale"). CoreCivic, Inc. operates Trousdale pursuant to a contract with the Tennessee Department of Correction, and CoreCivic of Tennessee, LLC (collectively, "CoreCivic") employs certain of the individuals who work at Trousdale. During the relevant timeframe, William Dalius, Damon Hininger, Jason Medlin, and Patrick Swindle served as executives for CoreCivic, and Kyle Buss, Martin Frink, Denise Haggard, and Donelle Harris were employees of CoreCivic who worked at Trousdale.

Through the pending lawsuit, Plaintiff Tawanda Calvin contends that Granderson overdosed during his incarceration and fault Defendants for Granderson's actions in this regard. Defendants deny all allegations of wrongdoing and intend to assert the following defenses, among others: all or part of Plaintiff's claims fail to rise to the level of constitutional violations sufficient

2

to state a claim pursuant to 42 U.S.C. § 1983 ("Section 1983"); Plaintiff's claims against Defendants fail to state a claim upon which relief can be granted because Plaintiff cannot hold Defendants liable for the alleged violations of others on a *respondeat-superior* theory of liability; Defendants were not deliberately indifferent; to the extent that Plaintiff complains regarding the actions, conduct, or response of medical personnel, those claims fall under the Tennessee Healthcare Liability Act, and Plaintiff did not properly comply with the requirements of T.C.A. § 29-26-121 and/or T.C.A. § 29-26-122; Plaintiff's negligence and gross negligence claims are barred in whole or in part by the doctrine of comparative fault, including the fault of Granderson; the actions of Granderson constitute the intervening and superseding cause of any and all injuries to Granderson; Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations; Plaintiff's Tennessee Drug Dealer Liability Act claim is barred in whole or in part by the doctrine of comparative fault, including the fault of Granderson; and Defendants' liability for punitive damages, if any, is limited by the Due Process Clause of the United States Constitution.

     **C.**     **ISSUES RESOLVED**: Jurisdiction and venue.

     **D.**     **ISSUES STILL IN DISPUTE**: Liability and damages.

     **E.**     **INITIAL DISCLOSURES**: The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before **November 10, 2023**.

     **F.**     **CASE RESOLUTION PLAN AND JOINT STATUS REPORTS**: The parties are encouraged to consider the Alternative Dispute Resolution options provided in Local Rules 16.02 through 16.05. Approximately fourteen (14) days after the conclusion of fact discovery, so by **July 8, 2024**, the parties shall submit a joint report confirming that the parties have made a good faith attempt to resolve the case. The joint report shall also state whether the parties believe ADR might assist in resolution of the case. If a judicial settlement conference is requested in either

3

joint report or separately, the parties shall also state (i) the reasons why mediation is not feasible; (ii) their proposed timing for scheduling of the settlement conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference.

**G.** **DISCOVERY**: The parties shall complete all written discovery and depose all fact witnesses on or before **June 24, 2024**. Written discovery should proceed promptly (unless otherwise provided for herein) and shall be served by no later than **February 1, 2024**. Discovery is not stayed during dispositive or other motions, unless ordered by the Court.

A party may not bring a discovery dispute to the Court for resolution before lead counsel for that party has held a telephonic conference or in-person discussion with lead counsel for every one of the parties adverse to it with respect to the dispute (which, in the case of multiple adverse parties, may occur separately with different adverse parties) ad has made a good-faith effort to resolve the dispute. Discovery disputes that cannot be resolved after the required discussion(s) should be brought promptly to the attention of the Magistrate Judge via a request for a discovery conference. It will be within the Magistrate Judge's discretion whether to allow for the filing of discovery-related motions. All discovery motions shall be filed by no later than **June 14, 2024**. In connection with any discovery conference or discovery motion, the applicable parties shall file a joint discovery dispute statement, which describes the specific discovery request(s) in dispute and details each party's position with supporting fact and legal authorities. The joint discovery dispute statement shall certify that lead counsel for every applicable party held the aforementioned telephonic or in-person discussion(s) and made a good faith effort to resolve each discovery dispute presented in the statement. If the joint statement is sufficiently detailed, any party may adopt by reference the joint statement for purposes of Local Rule 7.01(a)(2) or (a)(3), but must clearly state in the filing (made in accordance with any timing requirements set forth in Local Rule

4

7.01(a)(3)) that the joint statement is adopted as the party's memorandum of law or response, as the case may be.

**H. MOTIONS TO AMEND OR TO ADD PARTIES**: Any motions to amend or to add parties shall be filed by no later than **March 4, 2024**, and must comply with Local Rules 7.01 and 15.01.

**I. DISCLOSURES AND DEPOSITIONS OF EXPERTS**: The plaintiff shall identify and disclose all expert witnesses and expert reports on or before **August 19, 2024**. The defendants shall identify and disclose all expert witnesses and reports on or before **October 28, 2024**. Rebuttal experts shall be permitted only by leave of court. Unless otherwise provided for in a separate pretrial order, supplemental expert disclosures, which specifically include, but are not limited to, any supplemental information to expert reports, must be made in accordance with Rule 26(a) and (e). Supplemental expert opinions or other expert disclosures not timely disclosed may be excluded at trial. *See* Local Rule 39.01(c)(5)(C). Expert depositions shall be completed by **January 28, 2025**.

**J. SUBSEQUENT CASE MANAGEMENT CONFERENCE**: A subsequent case management conference shall be held telephonically on **May 13, 2024, at 9:00 a.m.**, to address: status of discovery (including any known or anticipated discovery issues or disputes); prospect for settlement (including propriety of ADR); and, any other appropriate matters. The Parties shall call 1-877-336-1831 at the appointed time. and when prompted for the access code, enter 7039387# to participate in the Conference. If a party has difficulty connecting to the call or has been on hold for more than five (5) minutes, please contact chambers at 615-736-7344.

**K. DISPOSITIVE MOTIONS**: As provided above, the parties must attempt to resolve the case prior to the filing of dispositive motions. Dispositive motions shall be filed by no

later than **February 28, 2025**. Responses to dispositive motions shall be filed within 28 days after the filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed within 14 days after the filing of the response and shall not exceed 5 pages. No motion for partial summary judgment shall be filed except by permission of the Court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel, and the Court.

All attorneys are required to read Judge Richardson's opinion in *McLemore v. Gumucio*, #3:19-cv-00530, 2021 WL 2400411 (M. D. Tenn. June 11, 2021), 619 F. Supp. 3d 816 (M. D. Tenn. June 11, 2021) (vacated on other grounds) regarding what should (or should not) be included in the Summary judgment movant's statement of undisputed material facts," and any party moving for summary judgment is expected to follow Judge Richardson's guidance as detailed in the *McLemore* opinion.

**L.** **ELECTRONIC DISCOVERY**: If the parties have reached an agreement on how to conduct electronic discovery, Administrative Order No. 174-1 need not apply to this case. Any agreement between the parties to address the topics provided by Administrative Order No. 174-1 must be reduced to writing, signed by counsel, and either filed as a stipulation of agreed-upon electronic discovery procedures, or, if the parties request court approval, submitted as proposed agreed order with an accompanying motion for approval. In the absence of an agreement, the default standards of Administrative Order No. 174-1 will apply.

**M.** **MODIFICATION OF CASE MANAGEMENT ORDER**: Any motion to modify the case management order or any case management deadline shall be filed at least seven (7) days in advance of the earliest impacted deadline. Unless a joint motion, the motion for

modification must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether or not there is any objection to the requested modification or extension. The motion for modification must also include: (i) the trial date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion and (ii) a statement that the requested extension will still conform to the requirements of Local Rule 16.01(h)(1) that no dispositive motion deadline, including response and reply briefs, shall be later than 90 days in advance of the trial date. Motions for extensions should also detail the moving party's efforts at diligently complying with the originally scheduled deadline and the facts demonstrating good cause for modification of the deadline as required by Fed. R. Civ. P. 16(b)(4).

N. **ESTIMATED TRIAL TIME AND TARGET TRIAL DATE**: The jury trial of this action is expected to last approximately five days. A trial date no earlier than **September 9, 2025,** is respectfully requested.

**IT IS SO ORDERED.**

_____
**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**

7