# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

TAWANDA CALVIN, Individually )
and as Survivor and Next of Kin to )
Kerry Granderson, )
                   )
     Plaintiff, )
                   )
v. )    **Civil Action Number 3:23-CV-447**
                   )    **District Judge Eli J. Richardson**
**CORECIVIC, INC., CORECIVIC OF** )    **Magistrate Judge Jeffery S. Frensley**
**TENNESSEE, LLC, KYLE BUSS,** )    **Jury Demand**
**WILLIAM DALIUS, MARTIN** )
**FRINK, DENISE HAGGARD,** )
**DONELLE HARRIS, DAMON** )
**HININGER, JASON MEDLIN,** )
**PATRICK SWINDLE, and JOHN DOE,** )
                   )
     **Defendants.** )

---

## AGREED PROTECTIVE ORDER AGAINST UNAUTHORIZED USE OR DISCLOSURE OF CONFIDENTIAL INFORMATION

---

In order to protect the confidentiality of discovery responses, documents, information, and materials that the parties or any third parties contend are confidential and that are obtained by Plaintiff Tawanda Calvin, Individually and as Survivor and Next of Kin to Kerry Granderson, and Defendants CoreCivic, Inc., CoreCivic of Tennessee, LLC, Kyle Buss, William Dalius, Martin Frink, Denise Haggard, Donelle Harris, Damon Hininger, Jason Medlin, and Patrick Swindle, the parties hereby agree:

1. Any party or non-party may designate as "CONFIDENTIAL" (by stamping or writing on the relevant page or otherwise set forth herein) any discovery response, document, information, or material which that party or non-party considers in good faith to contain information involving confidential business or security information or information invasive of

legitimate privacy interests. Only discovery responses, documents, information, or materials that are stamped or designated "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY" when produced by a party or non-party shall be entitled to protection pursuant to the terms of this Order. The foregoing notwithstanding, all discovery responses, documents, information, and materials shall be treated as CONFIDENTIAL, whether or not so designated, for a period of fourteen (14) days following their production by a party or non-party. If within fourteen (14) days of production of any discovery responses, documents, information, or materials not marked "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY" the producing party or third party determines that such discovery responses, documents, information, or materials are entitled to treatment as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY," such person shall so notify all parties in writing, specifically identifying the produced discovery responses, documents, information, or materials that shall be deemed "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY." If within fourteen (14) days of production of any discovery responses, documents, information, or materials not marked "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY" the producing party or third party has not notified all parties of a claim of confidential treatment with respect to such discovery responses, documents, information, or materials, such discovery responses, documents, information, or materials no longer shall be treated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY."

2. A party or non-party may designate information disclosed during a hearing or deposition or in response to written discovery as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY" by so indicating in said response or on the record at the hearing or deposition. Any other party may object to such a proposal in writing or on the record. Upon such

2

an objection, the procedures described in Paragraph 9 below shall be followed. After any designation made according to the procedure set forth in this Paragraph 2, the designated information shall be treated according to the designation until the matter is resolved, and counsel for all parties shall be responsible for marking all previously unmarked copies of the designated material in their possession or control with the specified designation.

3.     Except with the prior written consent of the designating party or non-party, or upon prior order of this Court obtained upon notice to the designating party or non-party, discovery responses, documents, information, and materials designated as "CONFIDENTIAL" shall not be disclosed to any person other than:

(a)     Counsel for Plaintiff, counsel for Defendants, and co-counsel retained for this litigation;

(b)     Employees of such counsel;

(c)     The parties and any employee or officer of a party, to the extent deemed necessary by counsel, for the prosecution or defense of this litigation with the exception of discovery responses, documents, information, or materials designated as "CONFIDENTIAL ATTORNEY'S EYES ONLY;"

(d)     Experts and consultants retained for the prosecution or defense of this litigation, provided that each such expert or consultant shall, before being shown such discovery response, document, information, or material designated as "CONFIDENTIAL," execute a copy of the Certification annexed to this Order, Exhibit A, which executed Certification shall be held by counsel for the party who retained the expert and consultant and made available for inspection by opposing

3

counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court;

(e)     Any authors or addressees of the discovery response, document, information, or material designated as "CONFIDENTIAL;"

(f)     The Court, court personnel, and court reporters; and

(g)     Testifying witnesses.  A testifying witness shall be treated as in Paragraph 3(d) above.  Any testifying witness who will not sign the Certification may be shown discovery responses, documents, information, and materials designated as "CONFIDENTIAL" only in a deposition at which the party or non-party who produced such discovery response, document, information, or material is represented.  At the request of any party or non-party represented at the deposition, the portion of the deposition transcript involving the discovery response, document, information, or material designated as "CONFIDENTIAL" shall be designated "CONFIDENTIAL" pursuant to Paragraph 2 above.  Testifying witnesses who are shown discovery responses, documents, information, or materials designated as "CONFIDENTIAL" shall not be allowed to retain copies.

4.     Any persons receiving information designated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY" shall not reveal to or discuss such information with any person who is not entitled to receive such information, except as set forth herein.

5.     If any party desires that materials containing information designated as "CONFIDENTIAL" be filed with the Court, the parties shall attempt to confer in advance of filing to determine if the materials containing such information can be redacted in a manner such that the redactions do not impact the purpose for which the materials containing such information are

4

being filed with the Court. If the parties are unable to confer in advance, if the parties are unable to reach an agreement, or if the redactions would impact the purpose for which the materials containing information designated as "CONFIDENTIAL" are being filed with the Court, the party filing the materials containing such information will file them in conformance with Local Rule 5.03. If the party who filed the document did not designate the document as confidential, the party who designated the document as "CONFIDENTIAL" shall bear the burden of supporting the request to seal by filing a response to the motion to seal within fourteen (14) days of filing, in conformance with Local Rule 5.03(b).

6. No party shall have the right to designate as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY" any discovery responses, documents, information, or materials produced by an adverse party. Any party may voluntarily disclose to others without restriction any discovery responses, documents, information, or materials designated by that party as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY."

7. The restrictions and obligations of this Order shall not apply to any information that: (a) is public knowledge; (b) becomes public knowledge through no fault of any party to this Order; or (c) comes into the possession of a party to this litigation other than through the disclosure of such information in this litigation.

8. If a party contends that any discovery responses, documents, information, or materials are not entitled to designation as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY," such party may at any time give written notice challenging such designation to the party or non-party who produced the discovery responses, documents, information, or materials. The party or non-party who produced the discovery responses,

5

documents, information, or materials shall have seven (7) days from the receipt of such written notice to respond unless the Court orders a shorter or longer time. The non-producing party may at any time apply to the Court for an order removing the designation of the discovery responses, documents, information, or materials. In the event the non-producing party applies to the Court for such an order, the party or non-party designating discovery responses, documents, information, or materials as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY" has the burden of establishing that the discovery responses, documents, information, or materials are entitled to protection.

9. Notwithstanding any challenge to the designation of discovery responses, documents, information, or materials as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY," all discovery responses, documents, information, or materials so designated shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

(a) The party or non-party who claims that the discovery responses, documents, information, or materials are "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY" withdraws such designation in writing; or

(b) The Court rules the discovery responses, documents, information, or materials are not entitled to protection as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY."

10. All provisions of this Order restricting the communication or use of discovery responses, documents, information, or materials designated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY" shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Within sixty (60) days after the

6

conclusion of the litigation, a party in the possession of discovery responses, documents, information, or materials designated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY," other than that which is contained in pleadings and hearing or deposition transcripts that have been filed before the Court, shall destroy such discovery responses, documents, information, or materials. If the discovery responses, documents, information, or materials designated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY" include an original document or material, instead of a copy, the party destroying the document or material must give the party that produced the document or material at least fourteen (14) days' notice so that it may request return of the document or material.

11.     The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of discovery responses, documents, information, or materials at trial or in other hearings on dispositive motions.

12.     Nothing herein shall be deemed to waive any applicable privilege or work product protection or to affect the ability of a party or non-party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

13.     Any non-party from which discovery is sought may be informed of and may obtain the protection of this Order by written advice to the non-party's respective counsel or by oral advice at the time of any deposition or similar proceeding.

14.     Production of any discovery responses, documents, information, or materials designated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY" by a non-producing party in response to an apparently lawful subpoena, motion, or order of or in any court or other governmental agency in another action shall not be deemed a violation of any of the terms of this Order. However, the party receiving such subpoena, motion, or order shall first

7

promptly notify the producing party and, prior to production, if it can be done without placing the non-producing party in violation of the subpoena, motion, or order, shall give the producing party the opportunity to secure confidential treatment, whether by protective order or otherwise, for such discovery responses, documents, information, or materials upon terms comparable to those applicable to such discovery responses, documents, information, or materials under the terms of this Order and/or seek to block the production.

15. Discovery responses, documents, information, and materials designated "CONFIDENTIAL ATTORNEY'S EYES ONLY" shall be subject to all of the provisions of this Protective Order that apply to "CONFIDENTIAL" discovery responses, documents, information, and materials, except that "CONFIDENTIAL ATTORNEY'S EYES ONLY" discovery responses, documents, information, and materials shall not be disclosed to any persons other than the Court in accordance with Section 5 above, those serving as counsel of record for the parties (including paralegals, secretaries, and clerical support personnel directly employed by such counsel and whose assistance is required for trial preparation in this action), and those who are serving as consultants or experts for the parties and have executed the attached Exhibit A, unless otherwise agreed in writing or ordered by the Court. Any experts or consultants will be bound by the terms of this Order and will sign the Certification.

16. A party's designation of discovery responses, documents, information, or materials as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY" shall not be binding on the Court for any purposes, including, whether to seal or restrict access to the discovery responses, documents, information, or materials if offered as or made part of the record in this case. Nor shall any other provision of this Order be binding on or have any preclusive effect with respect to any determination by the Court of the propriety of restricting access to discovery

8

responses, documents, information, and materials designated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY" if offered as or made part of the record in this case.

17. If any party designates discovery responses, documents, information, or materials as "CONFIDENTIAL" or as "CONFIDENTIAL ATTORNEY'S EYES ONLY" and the confidentiality designation of such discovery responses, documents, information, or materials successfully is challenged by another party, the Court may award attorneys' fees pursuant to Fed. R. Civ. P. 37 in the event that the Court determines that the designation was made in bad faith or that the discovery responses, documents, information, or materials could not reasonably have been deemed confidential in the exercise of reasonable diligence by the non-prevailing party. Similarly, if the Court determines that the confidentiality designation appropriately was made, the Court may award attorneys' fees pursuant to Fed. R. Civ. P. 37 to the prevailing party who appropriately marked the discovery response, document, information, or material as "CONFIDENTIAL" OR "CONFIDENTIAL ATTORNEYS' EYES ONLY" if the Court determines that the confidentiality designation was challenged in bad faith. This provision does not relieve the parties of their meet-and-confer obligation enumerated in paragraph 8 and outlined in the Federal Rules of Civil Procedure, the Local Rules of this Court, and the Initial Case Management Order.

Entered this ___ day of _____, 2023.

**IT IS SO ORDERED**

_____
JUDGE

9

317039830.1

SUBMITTED FOR ENTRY:


/s/ Erin Palmer Polly
Joseph F. Welborn, III (#15076)
joe.welborn@klgates.com
Erin Palmer Polly (#22221)
erin.polly@klgates.com
Terrence M. McKelvey (#36531)
terrence.mckelvey@klgates.com
K&L Gates LLP
501 Commerce Street, Suite 1500
Nashville, Tennessee 37203
(615) 780-6700
(615) 780-6799

*Counsel for Defendants CoreCivic, Inc.,
CoreCivic of Tennessee, LLC, Kyle Buss,
William Dalius, Martin Frink, Denise
Haggard, Donelle Harris, Damon Hininger,
Jason Medlin, and Patrick Swindle*


/s/ Rachael E. Putnam
Rachael E. Putnam (#21654)
rachael@putnamfirm.com
Hallie G. Flanagan (#37351)
hallie@putnamfirm.com
Putnam Firm
2148 Monroe Avenue
Memphis, TN 38104
(901) 302-9120

*Counsel for Plaintiff Tawanda Calvin,
Individually and as Survivor and Next of Kin
to Kerry Granderson*

10

## CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing has been served upon Filing Users via the electronic filing system and on other counsel via U. S. Mail, first-class postage prepaid, this December 12, 2023, on the following:

Rachael E. Putnam
Hallie G. Flanagan
Putnam Firm
2148 Monroe Avenue
Memphis, Tennessee 38104

/s/ Erin Palmer Polly

11

## EXHIBIT A

## CERTIFICATION

I, _____, certify my understanding that confidential information is being provided to me pursuant to the terms and restrictions of the Agreed Protective Order Against Unauthorized Use or Disclosure of Confidential Information ("Protective Order"), dated _____, 2023, in *Tawanda Calvin, Individually and as Survivor and Next of Kin to Kerry Granderson v. CoreCivic, Inc., et al.*, Civil Action Number 3:23-CV-447, and that I have been given a copy of and read that Protective Order and agree to be bound by it and submit to the jurisdiction of the United States Court for the Middle District of Tennessee in connection with that Protective Order.  I understand that all such confidential information and copies thereof shall be maintained in a secure manner and shall be returned no later than thirty (30) days after the termination of this lawsuit to the counsel for the party or person who provided such confidential information unless said person or party in writing authorizes the destruction of the documents in question in lieu of return.  I also understand that I am not to share any information gleaned or learned from the confidential information and that I am not to use the confidential information to further myself or any business, company, or organization with which I am affiliated or employed.


DATE: _____                    _____
                                                                              Signature