UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TAWANDA CALVIN, Individually and as Survivor and Next of Kin to Kerry Granderson,<br><br>    Plaintiff,<br><br>v.<br><br>CORECIVIC, INC., CORECIVIC OF TENNESSEE, LLC, KYLE BUSS, WILLIAM DALIUS, MARTIN FRINK, DENISE HAGGARD, DONELLE HARRIS, DAMON HININGER, JASON MEDLIN, PATRICK SWINDLE, and JOHN DOE,<br><br>    Defendants. | Civil Action Number 3:23-CV-447<br>District Judge Eli J. Richardson<br>Magistrate Judge Jeffery S. Frensley<br>Jury Demand |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56, Defendants CoreCivic, Inc. and CoreCivic of Tennessee, LLC (collectively, "CoreCivic") along with Kyle Buss ("Buss"), William Dalius ("Dalius"), Martin Frink ("Frink"), Denise Haggard ("Haggard"), Donelle Harris ("Harris"), Damon Hininger ("Hininger"), Jason Medlin ("Medlin"), and Patrick Swindle ("Swindle") respectfully move the Court to enter summary judgment on the claims asserted against them by Plaintiff Tawanda Calvin, individually and as survivor and next of kin of Kerry Granderson.

This case arises out of the death of Plaintiff's son, Kerry Granderson ("Granderson"), from a drug overdose. At the time of his death on May 5, 2022, Granderson was a prisoner of the State of Tennessee and was incarcerated at the Trousdale Turner Correctional Center ("Trousdale"). Granderson experienced a medical emergency the night of May 4, 2022, and, despite medical and security personnel promptly responding and appropriately administering aid, including Narcan, he was pronounced dead just after midnight on May 5, 2022, as the result of a fentanyl overdose.

Through her lawsuit, Plaintiff purports to assert (1) claims against CoreCivic, Dalius, Frink, Harris, Hininger, Medlin, and Swindle under 42 U.S.C. § 1983 ("Section 1983") for deliberate indifference to Granderson's medical needs, failure to protect, and failure to hire, train, and supervise, all in violation of the Eighth Amendment; (2) negligence and gross negligence claims against CoreCivic, Dalius, Frink, Harris, Hininger, Medlin, and Swindle; and (3) claims against CoreCivic, Buss, Frink, Haggard, and Harris for violation of the Tennessee Drug Dealer Liability Act ("TDDLA"), TENN. CODE ANN. § 29-38-101, *et seq.* (Docket Entry 1). Plaintiff also contends that CoreCivic, Dalius, Frink, Harris, Hininger, Medlin, and Swindle should be held liable under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), and that she should be awarded damages for loss of consortium. (*Id.*). Plaintiff's claims, however, are not supported by the undisputed evidence, and summary judgment on all claims is warranted.

In asserting Section 1983, negligence, and TDDLA claims against Defendants, Plaintiff seeks to shift responsibility for Granderson's death and hold Defendants liable by generally contending that Trousdale is understaffed and that Granderson would not have died had Defendants protected him from the introduction of contraband drugs into the facility and had he received medical treatment immediately after he overdosed. While Plaintiff's general allegations of wrongdoing at Trousdale and other CoreCivic facilities in Tennessee are convoluted, the reasons that her claims fail are simple. First, Plaintiff's Section 1983 claims fail because Defendants did not engage in a constitutional violation in connection with Granderson's overdose and subsequent death, particularly in light of the Sixth Circuit's recent decision in *Caraway v. CoreCivic of Tennessee, LLC*, 98 F.4th 679 (6th Cir. 2024). Second, Plaintiff's Section 1983 claims against CoreCivic fail because CoreCivic does not have an official policy or a pervasive, widespread custom of failing to ensure inmate health and safety in connection with the alleged proliferation of drugs at Trousdale. Third, Plaintiff cannot hold Dalius, Frink, Harris, Hininger, Medlin, and

2
322577484.1
Case 3:23-cv-00447   Document 43   Filed 02/28/25   Page 2 of 4 PageID #: 767

Swindle liable in their individual capacities because they amount to claims for supervisory liability, and these Defendants were not personally involved in the circumstances associated with Granderson's death. Finally, while the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims because her federal claims fail, her state law claims also fail because Defendants were not negligent and did not violate the TDDLA. For these reasons, the Court should grant Defendants Motion for Summary Judgment.

In further support, Defendants submit a Memorandum of Law, a Statement of Undisputed Material Facts, the Declaration of Kyle Bliss, the Declaration of Kyle Buss, the Declaration of Martin Frink, the Declaration of Donnelle Harris, the Declaration of Armando Perez, and the Declaration of Allie Simpkins.

Respectfully submitted,

/s/ Erin Palmer Polly
Joseph F. Welborn, III (#15076)
joe.welborn@klgates.com
Erin Palmer Polly (#22221)
erin.polly@klgates.com
Terrence M. McKelvey (#36531)
terrence.mckelvey@klgates.com
K&L Gates LLP
501 Commerce Street, Suite 1500
Nashville, Tennessee 37203
(615) 780-6700
(615) 780-6799

*Counsel for Defendants CoreCivic, Inc., CoreCivic of Tennessee, LLC, Kyle Buss, William Dalius, Martin Frink, Denise Haggard, Donelle Harris, Damon Hininger, Jason Medlin, and Patrick Swindle*

## CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing has been served upon Filing Users via the electronic filing system and on other counsel via U.S. Mail, first-class postage prepaid, this February 28, 2025, on the following:

Rachael E. Putnam
Hallie G. Flanagan
Putnam Firm
2148 Monroe Avenue
Memphis, Tennessee 38104

/s/ Erin Palmer Polly