IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

TAWANDA CALVIN,                        )
                                       )
                 Plaintiff,            )
                                       )
v.                                     )        Civil Case No.  3:23-cv-00447
                                       )        JUDGE RICHARDSON
CORECIVIC, INC., ET AL.,               )
                                       )
                 Defendants.           )

## ORDER

The Joint Motion to Continue Trial Date and to Stay Pretrial Deadlines (Doc. No. 67) is

granted in part as to continuing the trial and denied as to the staying of pretrial deadlines.

The jury trial in this case is rescheduled for **April 7, 2026, beginning at 9:00 a.m.** Counsel

for the parties shall appear for a rescheduled Pretrial Conference in this Court on **March 30, 2026,**

**at 8:30 a.m.** All lawyers who will participate in the trial must attend the pretrial conference.

Pretrial Filing Deadlines

Counsel shall submit a Joint Proposed Pretrial Order to the Court by **March 23, 2026**. The

Pretrial Order shall contain: (1) a recitation that the pleadings are amended to conform to the

Pretrial Order and that the Pretrial Order supplants the pleadings; (2) a statement of the basis for

jurisdiction in this Court; (3) a short summary of the Plaintiff's theory (no more than one page);

(4) a short summary of the Defendant's theory (no more than one page); (5) a statement of the

issues, including a designation of which issues are for the jury and which are for the Court; (6) a

succinct statement of the relief sought; (7) a summary of any anticipated evidentiary disputes; and

(8) an estimate of the anticipated length of the trial.

The parties shall also submit to the Court, by **March 23, 2026**, the following:

(1) joint proposed jury instructions and verdict forms as follows: Counsel shall exchange proposed jury instructions on the substantive law of this specific case and proposed verdict forms and confer to reach agreement. Thereafter, counsel shall jointly prepare and file a set of agreed, proposed, case specific, jury instructions and verdict forms. Each proposed jury instruction shall include citations to supporting authorities. Counsel shall separately file any disputed jury instructions or verdict forms.

Parties shall email a Word version of all proposed instructions and verdict forms that are filed to richardson_chambers@tnmd.uscourts.gov.

(2) witness lists, except for witnesses solely for impeachment in accordance with Fed. R. Civ. P. 26(a)(3);

(3) exhibit lists, except for documents solely for impeachment in accordance with Fed. R. Civ. P. 26(a)(3). Each party's exhibits shall be premarked in numeric sequence, though "subnumbering" (e.g., exhibits 1A, 1B, etc.) is permitted if helpful to the logical tracking, organization, or understanding of the exhibits as a whole. The parties may present their exhibits at trial in any order, irrespective of exhibit numbers. The parties should be aware that the Courtroom Deputy will use the parties' description on the Court's witness and exhibit list and should prepare their own descriptions, or consider raising concerns about the suitability of other parties' descriptions, accordingly.  The authenticity of exhibits should be stipulated to if at all possible. Failure to include an exhibit on this exhibit list will result in its not being admitted into evidence at trial, except upon a showing of good cause; and

(4) any stipulations.

<u>Local Rule 56.01 Statement</u>

All attorneys are required to read the undersigned's opinion in *McLemore v. Gumucio*, No. 3:19-cv-00530, 2021 WL 2400411 (M.D. Tenn. June 11, 2021), regarding what should (or should not) be included in the summary judgment movant's "statement of material facts as to which the movant contends there is no genuine issue for trial" required by Local Rule 56.01(b). Any party moving for summary judgment or responding to a motion for summary judgment is expected to follow the guidance set forth in the *McLemore* opinion. This requirement is intended to, and should, redound to the benefit of the parties and the Court by increasing the likelihood that all involved will correctly identify and address issues that truly are ones of material fact.

<u>Motions in Limine and Objections to Experts</u>

By **March 16, 2026**, the parties shall file any motions in limine and any motions objecting to expert testimony. Any responses to such motions shall be filed by **March 23, 2026**.

<u>Information Exchanged but Not Filed</u>

By **March 16, 2026**, the parties shall identify for one another their respective exhibits and make available for examination by any opposing party the original of all exhibits. The parties also shall exchange copies of items identified as exhibits; this requirement is not satisfied by a party merely because it previously produced a copy of the item in discovery, but rather requires a party (absent contrary agreement between the parties) to separately produce a copy of the item in conjunction with specifically identifying the item as a trial exhibit. By this same date, the parties shall exchange designations of portions of depositions to be read into evidence during the case in chief. The parties should attempt to agree on additions to the designations necessary to put responses into context.

<u>Discovery</u>

Expert witness disclosures shall be made timely, in accordance with Local Rule 39.01(c)(5)(C). Supplemental responses to interrogatories, requests for production and requests for admissions shall be made timely in accordance with Local Rules 39.01(e). Objections to the use of a deposition at trial shall be made timely in accordance with Local Rule 39.01(c)(4). The Court may exclude evidence, or order other sanctions, for violation of a duty or deadline to make or supplement expert witness disclosures or discovery responses.

<u>Pretrial Conference</u>

Counsel shall be prepared, at the Pretrial Conference, to:

(1) identify and discuss undisputed facts and issues;

(2) discuss the status of discovery;

(3) discuss any demonstrative aids to be used during opening statements;

(4) preview proposed testimony;

(5) discuss expert testimony;

(6) preview proposed exhibits;

(7) discuss motions in limine;

(8) discuss proposed jury instructions and verdict forms;

(9) discuss settlement; and

(10) discuss any need for possible pretrial briefs.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE