IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| TAWANDA CALVIN, | ) | |
| | ) | |
| Plaintiff, | ) | NO. 3:23-cv-00447 |
| | ) | |
| v. | ) | JUDGE RICHARDSON |
| | ) | |
| CORECIVIC, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

Pending before the Court is a "Motion to File Under Seal" (Doc. No. 47, "Motion") filed on February 28, 2025, by Defendants CoreCivic, Inc., CoreCivic of Tennessee, LLC, Kyle Buss, William Dalius, Martin Frink, Denise Haggard, Donelle Harris, Damon Hininger, Jason Medlin, and Patrick Swindle. In a notice filed on March 12, 2025 (Doc. No. 58), Defendants informed the Court that Plaintiff Tawanda Calvin did "not oppose the relief requested in . . . the Motion to File Under Seal." (Doc. No. 58 at 1). For the reasons described herein, the Court **DENIES** the Motion.

Via the Motion, and in connection with their pending motion for summary judgment (Doc. No. 43), Defendants seek leave "to file surveillance video footage from the Trousdale Turner Correctional Center ("Trousdale") under seal, specifically surveillance video footage from Kerry Granderson's ("Granderson") housing unit, Unit Whiskey Alpha, from May 4, 2022." (Doc. No. 47 at 1). Defendants state that they have provided this video footage to Plaintiff. (*Id.* at 2). Defendants state that "[o]ut of an abundance of caution, *Defendants will not file the surveillance video footage with the Court until after the Court has an opportunity to rule on this Motion.*" (*Id.* at 3) (emphasis added).

Local Rule 5.03(e) provides:

If practicable, the party requesting that some or all of a filing be sealed must also separately file a redacted version. If the filing of a redacted version is impracticable, the motion to seal must include an affirmative statement to that effect.

Local Rule 5.03(b)(1) requires that "[i]mmediately after filing the motion [to seal]" the filing party "file the proposed sealed document by selecting the 'Sealed Document' event in CM/ECF." It easily stands to reason that in the case of a manually filed exhibit (like the one that Defendants contemplate filing), the party must actually manually file the exhibit contemporaneously with filing the Motion to seal.

That did not occur here. Instead, "[o]ut of an abundance of caution" Defendants decided that they "will not file the surveillance video footage with the Court until after the Court has an opportunity to rule on this Motion." (Doc. No. 47 at 3). This will not do. Defendants have the process backwards; the Court needs to have the sealed item to review in order to determine whether to grant the motion to seal in the first place, rather than being in a position to grant the motion to seal (based solely on the movant's verbal description of the item) before the item is filed. In short, Defendants have not complied with the procedural requirement described in Local Rule 5.03(b)(1) to file, at the time of filing the Motion, an unredacted version of the video under seal. Moreover, Defendants have neither filed a redacted (edited) version of the video nor included in the Motion "an affirmative statement" that "the filing of a redacted version is impracticable." Local Rule 5.03(e).

As for Defendants' professed need to act with caution, the need strikes the Court as ultimately illusory. If the unredacted video had been filed together with the Motion (as it should have been), the video would have remained under seal while the Motion was pending. In the (perhaps unlikely) event that the Motion were to be denied, Defendants could move to withdraw the filing, and the Court would grant such a motion, thus removing the video from public view— at least while Defendants attempted to work out how to convince the Court both to keep the

videotape out of public view and to use it (a publicly unavailable exhibit) in connection with the very public matter of adjudicating Defendants' motion for summary judgment.

Accordingly, the Motion must be denied as procedurally deficient.

<u>CONCLUSION</u>

For the reasons discussed above, Defendants' Motion is **DENIED,** without prejudice to Defendants seeking again to file the video under seal—this time in a procedurally compliant manner.

IT IS SO ORDERED.


ELI RICHARDSON
UNITED STATES DISTRICT JUDGE