IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| TAWANDA CALVIN, | ) | |
| | ) | |
| Plaintiff, | ) | NO. 3:23-cv-00447 |
| | ) | |
| v. | ) | JUDGE RICHARDSON |
| | ) | |
| CORECIVIC, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **<u>ORDER</u>**

Pending before the Court is "Defendants' Second Motion To File Under Seal" (Doc. No. 70, "Motion") filed on October 9, 2025, by Defendants CoreCivic, Inc., CoreCivic of Tennessee, LLC, Kyle Buss, William Dalius, Martin Frink, Denise Haggard, Donelle Harris, Damon Hininger, Jason Medlin, and Patrick Swindle. For the reasons discussed herein, the Court **DENIES** the Motion.

Via the Motion, and in connection with their pending motion for summary judgment (Doc. No. 43), Defendants seek leave "to file surveillance video footage from the Trousdale Turner Correctional Center ("Trousdale") under seal." (*Id.* at 1). Specifically, Defendants seek leave to file "surveillance video footage depict[ing] Kerry Granderson's ("Granderson") housing unit at Trousdale, Unit Whiskey Alpha, on May 4, 2022, from 10:30 p.m. through 11:55 p.m." (*Id.*). Defendants further state that they have provided this video footage to Plaintiff Tawanda Calvin, and that Plaintiff "does not oppose the relief requested through this Second Motion to File Under Seal." (*Id.* at 2-3). Contemporaneously with their Motion, Defendants filed a "Sealed Manual Filing" (Doc. No. 71) containing the surveillance video footage in question on a flash drive.

Local Rule 5.03(e) provides:

If practicable, the party requesting that some or all of a filing be sealed must also separately file a redacted version. If the filing of a redacted version is impracticable, the motion to seal must include an affirmative statement to that effect.

Local Rule 5.03(b)(2) requires that "[i]mmediately after filing the motion [to seal]" the filing party "file the proposed sealed document by selecting the 'Sealed Document' event in CM/ECF." Thus, in the case of a manually filed exhibit (like the video before the Court with the present Motion), the party must manually file the exhibit contemporaneously with filing the motion to seal.

Here, Defendants have satisfied the requirements in Local Rule 5.03(b)(2) because they have manually filed the video contemporaneously with filing their Motion. However, Defendants have not satisfied the requirements in Local Rule 5.03(e). Defendants' Motion argues that redaction of the video (e.g., editing or modifying the video) would be impracticable because:

> . . . it is important for the Court to see the entirety of what is taking place within the housing unit. Indeed, the ability to see who is coming into the housing unit and who is leaving the housing unit necessarily requires that the video footage feature the front portion of the housing unit. Likewise, the ability to see the inmate bunk beds and Granderson's location when he is found unresponsive requires that the video footage feature the back portion of the housing unit, where the inmate bunk beds are located.

(Doc. No. 70 at 3).

Defendants' argument above, however, misapprehends the purpose of Local Rule 5.03(e). Local Rule 5.03(e)'s directive is to file (if practicable) a "redacted version," of the filing for *public accessibility*, thereby allowing the public to access at least a partial version of the filing though not the full filing that is available to the court. Defendants' argument that "[r]edaction of the surveillance video footage is impracticable because it is important for the Court to see the entirety of what is taking place within the housing unit" (Doc. No. 70 at 3), thus misses the mark because, under Local Rule 5.03, the Court has access to an unredacted version of the filing irrespective of

whether or not a redacted version of the filing on the public docket is practicable. Local Rule 5.03.

Thus, Defendants' Motion does not provide an affirmative statement as to why the "filing of a redacted version" of the video for *public* accessibility "is impracticable," and accordingly the Motion is not compliant with Local Rule 5.03(e).

Therefore, the Motion must be denied as procedurally deficient.[1]

CONCLUSION

For the reasons discussed above, Defendants' Motion is **DENIED,** without prejudice to Defendants seeking again to file the video under seal in a procedurally compliant manner. Any such motion should be filed within 30 days of the entry of this Order, or else the video (which the Court for the time being continues to treat as sealed) will be subject to unsealing

IT IS SO ORDERED.

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[1] Because the Court denies Defendants' Motion, Defendants may wish to move to withdraw the unredacted version of the video (Doc. No. 71) which was filed contemporaneously with the Motion. The Court would grant such a motion if made, thus removing the video from public view.